[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12930
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-02526-RGV


ANTHONY MCKEE,

Plaintiff - Appellant,

versus

UNITED STATES OF AMERICA,

Defendant - Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(March 4, 2015)

Before TJOFLAT, WILSON, and COX, Circuit Judges.

PER CURIAM:

This litigation involved the course of medical treatment Anthony McKee ("McKee") received for his HIV infection at the Veterans Administration Medical Center (the"VAMC") in Decatur, Georgia, where he was treated for his HIV by VAMC medical personnel.  McKee sued the United States under the Federal Tort Claims Act claiming that Dr. Susan Goldstein, an employee of the VAMC, failed to prescribe a treatment for him that would have prevented him from developing lymphoma, an "opportunistic" HIV complication.  He filed his complaint on August 1, 2012.  Discovery closed one year later after three extensions.  This district court set the case for trial in December 2013.  McKee, over strong and repeated opposition from the United States, indicated throughout the litigation that he intended to rely on Dr. Steven Zell as his expert witness to prove causation, which was a necessary element of his FTCA claim under applicable Georgia law.

In a well-reasoned order issued on January 15, 2014 (Dkt. 72), the district court ruled that McKee's proffered expert was not qualified to testify under Georgia law or Federal Rule of Evidence 702 as interpreted by the familiar *Daubert* decision of the Supreme Court.  The district court disallowed Dr. Zell's testimony as to causation.  On May 21, 2014, the district court denied McKee's motion to reconsider (Dkt. 77).  That afternoon, the district court held a telephone status conference with the parties in light of McKee's counsel's concession in October 2013 that his client had no case without an expert.  The district court

2

directed McKee's counsel to report back to the court a week later, at which time McKee requested an *additional* forty-five days to find an expert. Noting that McKee had had more than sufficient opportunity to find an expert, the district court denied the request and directed the clerk to dismiss the case. (Dkt. 81). The clerk did. (Dkt. 82).

The issue on appeal is whether the district court abused its discretion in disallowing Dr. Zell's testimony. We have considered the briefs, and the district court's order, and find no abuse of discretion. We affirm.

AFFIRMED.